DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

# STATE OF NEW JERSEY,

## NOVEMBER TERM, 1868.

---

JANE VOORHEES v. JOSEPH COMBS AND LYMAN H. AT-
WATER, EXECUTORS OF JOHN H. WOODHULL, DE-
CEASED.

A writ of error will lie from a judgment of non-suit in all cases in
which the plaintiff at the trial prays a bill of exceptions from the
rulings of the judge directing such non-suit.

---

This was a writ of error brought upon a judgment of non-
suit. After the plaintiff had produced, at the trial in the
Circuit Court, her evidence and rested her case, what oc-
curred is set forth in these words in the bill of exceptions,
viz.: "And the said circuit judge did then and there give
his opinion and decide that judgment as of non-suit should
be entered against the said plaintiff, and did then and there
order judgment of non-suit to be entered against said plain-
tiff accordingly; and to which said opinion and decision of
the said circuit judge the said plaintiff, by her counsel, did
then and there except, and pray that such exceptions may
be sealed; and thereupon, on the prayer of said plaintiff by
her counsel, the said judge hath to said exceptions set his
482

seal, according to the statute," &c.  The judgment upon the record was in the usual common law form, stating that the plaintiff, being called, " comes not, and does not further prosecute her writ," &c.

This was a motion to dismiss the writ of error.

For the motion, *Richey & Emery.*

Contra, *J. F. Hageman.*

BEASLEY, CHIEF JUSTICE.  This motion rests on the single ground, that a writ of error will not lie on a judgment of non-suit.  That this was the common law rule is not to be doubted.  And the practice was founded in the satisfactory reason that a plaintiff could not be non-suited against his will. According to this English procedure, if the judge, at the trial, thought the facts proved by the plaintiff fell short of establishing a cause of action, he so intimated, and if the plaintiff submitted to such intimation, he was then solemnly called, and failing to answer, he was non-suited.  That is, it was entered on the record that he was called and " came not," and " shall not further prosecute his writ."  Such a judgment was evidently founded in the assent of the plaintiff, and was not final as to his claim ; and from this class of judgments it was consistently held that error would not lie. In this system there was no such anomaly as an involuntary non-suit.  For if the plaintiff, when called, did not see fit to submit, he had a right to require the judge to send the case, under instructions, to the jury ; and if the judge refused to take that course, such refusal formed the ground for a bill of exceptions, upon which error would lie.  It appears at one time to have been thought that an exception to this rule obtained in cases in which costs were assessed against the plaintiff by force of the statute of Henry VIII.  Such were the cases of *Newell* v. *Pidgeon*, 1 *Stra.* 235, and those referred to in *Roll. Abridg., tit. Error, F.,* § 1, *p.* 744, and in *Viner's Abridg., tit. Error, F.*  But these instances can

hardly be deemed variations from the principles of the practice above stated, because it was supposed that error might exist as to the amount of costs thus assessed ; and with regard to them the judgment was final and *in invitum ;* and thus, upon the strictest rules, it was thought such a judgment could be reviewed on error.   But this theory seems to have been long since exploded, and the course of the English law is so completely settled, that it would be but a waste of time to review the cases.   The principal precedents will be found collected, and the rule of practice clearly stated, in the recent case of *Corsar* v. *Reed*, 17 *A. & El*, *N. S.* 540.

It is clear, therefore, that the writ in the case now before this court, cannot be sustained upon any course of proceeding known to the common law.   Nor will it at all help this difficulty to show that, in some of the American states, a different rule has been adopted, because, in all matters of procedure, the courts of this state, in adopting modes of proceedings, follow those of the ancient English system.   The only inquiry, therefore, which remains, is, whether we have in this respect a settled practice of our own, and which is a fundamental departure from that of the common law.

An examination of our reports discloses the fact that from an early period writs of error have been freely brought from judgments of non-suit.   To this effect we find a long line of cases, going back to a very early period.   Thus, in the case of *White* v. *Potter, Coxe R.* 159, a writ of error was entertained by the Supreme Court from a judgment of non-suit entered in the Court of Common Pleas of the county of Essex. This was in 1793, and from that time until quite recently, this writ, in similar cases, appears to have been in common use.   Indeed this is so much the case, that the legal history of this state shows, in the most incontrovertible manner, that the practice has in its favor the sanction of the most eminent practitioners at this bar.   So entirely has this cause been recognized in the past, that it appears to have been called in question by counsel but in a single instance.   I refer to the case of *Haight* v. *Morris*, 2 *Halst.* 289, in which

the plaintiff, having been non-suited in the pleas, reviewed that judgment by error, first in the Supreme Court, and finally in this court. One of the points made on final hearing by the defendant, was " that a plaintiff who voluntarily suffers a non-suit cannot bring a writ of error." But this court maintained the jurisdiction, and reversed the judgment in both the inferior courts. The following are examples of the exercise of a similar jurisdiction: *Jones' ex'rs* v. *Decker's ex'r*, 1 *Penn.* 231; *Waters* v. *Van Winkle*, 2 *Penn.* 567; *The Associates of the Jersey Company* v. *Halsey*, 2 *South.* 750; *Den* v. *Franklin*, 2 *South.* 850; *Den* v. *Young*, 3 *Zab.* 478.

It is true, that in the case of the *Central R. R. Co.* v. *Moore*, 4 *Zab.* 835, Mr. Justice Elmer, sitting in this court, called attention to the fact, that a writ of error to a judgment of non-suit was at variance with the ancient English system of practice; but it is understood that such intimation was not intended as an expression of opinion as to the point now in question, but with a view to have the rule authoritatively settled by this court. Similar precautionary observations have been made in subsequent cases.

The conclusion, then, would seem to be, that by a long and well settled course of practice in this state, adopted by general consent at the bar and sanctioned by the courts, judgments of non-suit have become removable by writ of error. The proceeding is based upon the idea that these judgments are not the results, when bills of exceptions are taken, of voluntary defaults on the part of plaintiffs, but proceed from the peremptory order of the court. In those cases in which a plaintiff, of his own motion abandons his case, and submits to being called, it is clear that no bill of exceptions could be claimed, or if claimed and allowed, would be legal. But, in that other class of cases in which the judge is the actor and directs a non-suit, the plaintiff praying his bill of exceptions, the course in our courts has been to look upon such judgments as founded on peremptory orders to which the plaintiff may except, on the ground, not that the judge refuses to let the case go to the jury, but because

the conclusion of the court is not law. If we refer to the case of *Den* v. *Franklin*, 2 *South*. 851, we will find that this was the view, upon this point, upon that learned and experienced jurist, Chief Justice Kirkpatrick. In that case, the judge at the circuit directed the plaintiff to be called, but the plaintiff answered and claimed the right to receive a verdict, and the case being put to the jury, they found in his favor. On the coming in of the *postea*, the plaintiff made a motion to amend the time of the demise, and the defendant moved for a new trial. Chief Justice Kirkpatrick then made this remark: "The court cannot permit a party to disregard the order for a non-suit, and receive any benefit therefrom. The verdict must be set aside, and considered as if not taken ; the *postea* must be amended, so as to return the non-suit, and the case must stand here upon the merits of the non-suit." In these observations Russell, J., concurred. It is upon this theory, as it seems to me, that the practice of using writs of error in cases of non-suits has arisen. I know of no other hypothesis upon which it can rest in point of principle.

In some of the counties the entry of the judgment, in these cases, is so framed as to show that the non suit is not the voluntary act of the plaintiff, a practice which, although highly commendable, I do not think is absolutely indispensable.

My conclusions, then, are as follows :

1. That a judge, at the trial of a cause, if the plaintiff fails to make out his case, has a right, peremptorily, to order a non-suit.

2. That from such a judgment the plaintiff may bring a writ of error, founded on a bill of exceptions.

3. That a demand by the plaintiff of a bill of exceptions to the direction of the judge directing a non-suit, is evidence that such direction was an order of the peremptory character above specified.

Upon these grounds the motion to dismiss the present writ must be denied.

Motion denied.